UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, ARCH INSURANCE COMPANY, BRIT INSURANCE, SYNDICATE 2987, CHAUCER MARINE, SYNDICATE 1084, GREAT LAKES REINSURANCE (UK) PLC, BERKSHIRE HATHAWAY INTERNATIONAL INSURANCE LIMITED, IRONSHORE SPECIALTY INSURANCE COMPANY, LANDMARK AMERICAN INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, SJC 2003/CATLIN, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, NAVIGATORS MANAGEMENT COMPANY, INC., TORUS SPECIALTY INSURANCE COMPANY, UNDERWRITING RISK SERVICES VALIDUS GROUP, AND XL INSURANCE AMERICA, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>DELEK U.S. HOLDINGS, INC. AND LION OIL COMPANY, <br><br>Defendants. | CIVIL ACTION NO.: 3:13-cv-01054 <br><br> Hon. Aleta A. Traugher |

### DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants Delek US Holdings, Inc. ("Delek") and Lion Oil Company ("Lion Oil") provide this memorandum in support of their Motion to Dismiss Plaintiffs Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**I.  BACKGROUND**

Plaintiffs filed the present declaratory relief action, seeking a declaration of no coverage for Delek and Lion Oil's claimed contingent time element losses under property insurance policies issued by the Plaintiffs. These insurers filed suit the same day they denied coverage for

the first party insurance claim, having taken well over a year to finally deny the claim. *See* Cmplt., ¶¶ 1, 36. The claim involves a contingent business interruption loss due to a pipeline rupture and the lack of delivery of crude oil to Lion Oil's oil refinery near El Dorado, Arkansas. *See* Cmplt., ¶¶ 23, 26, 35. A more encompassing lawsuit for declaratory relief and breach of contract regarding this same loss is pending between Lion Oil and Plaintiffs in the United States District Court for the Western District of Arkansas. *See Lion Oil Company v. National Union Fire Insurance Company of Pittsburgh, PA* et al., Case No. 1:13-cv-01071 (W.D. Ark. filed October 8, 2013) and attached Request for Judicial Notice, Exs. 1 and 2.

Plaintiffs assert in this Complaint that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) "because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs." *See* Cmplt., ¶ 20. According to Plaintiffs, Delek is more than a nominal party to the case because "Delek was subsequently substituted as a Named Insured for Lion Oil in certain policies." Cmplt., ¶ 22. At the motion to dismiss stage, the court must treat these factual allegations as true. See *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir.2012) ("[A] facial challenge to subject-matter jurisdiction under Rule 12(b)(1) requires the district court to accept all the factual allegations in the complaint as true.").

The Complaint alleges that four of the Plaintiffs—Lexington Insurance Company, XL Insurance America, Inc., Torus Specialty Insurance Company, and Chaucer Marine, Syndicate 1084—are incorporated under the laws of Delaware. *See* Cmplt., ¶¶ 3, 7, 10, 14. However, the Complaint also alleges that Defendant Delek is incorporated under the laws of Delaware. *See* Cmplt., ¶ 18.

**II. ARGUMENT: The Case Must Be Dismissed for Lack of Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and by statute. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Before an action may proceed in district court, it must be determined whether the complaint falls within the scope of the district court's subject matter jurisdiction." *Wix v. Walker*, No. 2:08-cv-0079, 2008 WL 3926393, at *1 (M.D. Tenn. 2008). "The district court is obliged to consider the question of jurisdiction, *sua sponte* if necessary." *Id.* (*citing Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) and *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985)). District courts in this Circuit have entered *sua sponte* dismissals under similar circumstances when diversity jurisdiction is wanting from the face of the Complaint. *See Cox v. Winfield*, 817 F.2d 104 (Table) (6th Cir. 1987).

Under 28 U.S.C. §1332, federal district courts have diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000 and the controversy is between citizens of different states. 28 U.S.C. §1332(a)(1). There must be complete diversity such that no plaintiff is a citizen of the same state as any defendant. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). A corporation is deemed to have citizenship of its state(s) of incorporation and its principal place of business. 28 U.S.C. §1332(c)(1). Without complete diversity, jurisdiction over the entire case is lost. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2010).

Here, the lack of complete diversity is apparent from the face of the complaint. The Complaint alleges that Lexington Insurance Company, XL Insurance America, Inc., Torus Specialty Insurance Company, and Chaucer Marine, Syndicate 1084 are incorporated under the laws of Delaware and therefore are citizens of Delaware for diversity jurisdiction purposes. *See* Cmplt., ¶¶ 3, 7, 10, 14. The Complaint also alleges that Defendant Delek is incorporated under

the laws of Delaware and therefore is a citizen of Delaware for diversity jurisdiction purposes. *See* Cmplt., ¶ 18. Therefore, because a defendant has the same citizenship as multiple plaintiffs, there is not complete diversity, the Court lacks subject matter jurisdiction over the case, and it must be dismissed. Fed. R. Civ. P. 12(b)(1).

## III. CONCLUSION

The lack of complete diversity here is fatal to the Court's subject matter jurisdiction here and, for that reason, Defendants respectfully request that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/H. Frederick Humbracht, Jr.*
    H. Frederick Humbracht, Jr. (No. 2993)
    1600 Division Street, Suite 700
    P.O. Box 340025
    Nashville, Tennessee 37203
    (615) 252-2371
    rhumbracht@babc.com

PILLSBURY WINTHROP SHAW PITTMAN LLP

    Peter M. Gillon
    Geoffrey J. Greeves
    Vernon C. Thompson, Jr.
    2300 N Street, NW
    Washington, D.C. 20037-1122
    Tel.: (202) 663-8000
    peter.gillon@pillsburylaw.com
    geoffrey.greeves@pillsburylaw.com
    vernon.thompson@pillsburylaw.com

    Vincent E. Morgan
    909 Fannin, Suite 2000
    Houston TX 77010
    Tel.: (713) 276-7625
    vince.morgan@pillsburylaw.com

    *Pro Hac Vice Motions Pending*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was delivered via the Court's Electronic Case Filing system, on this the 11th day of October, 2013, to:

Amy M. Churan
Glenanne B. Kennedy
William A. Webster
Robins, Kaplan, Miller & Ciresi, LLP (LA Office)
2049 Century Park East
34th Floor
Los Angeles, CA 90067-3208

Bradford Telfeyan
John Roy Tarpley
Lewis, King, Krieg & Waldrop, P.C. (Nashville)
424 Church Street
Suite 2500
P O Box 198615
Nashville, TN 37219


                                */s/H. Frederick Humbracht*