# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA; GREAT LAKES REINSURANCE (UK) PLC; ACE AMERICAN INSURANCE COMPANY; XL INSURANCE AMERICA, INC.; IRONSHORE SPECIALTY INSURANCE COMPANY; TALBOT SYNDICATE 1183; TORUS SPECIALTY INSURANCE COMPANY; NAVIGATORS SYNDICATE 1221 (f/k/a MILLENNIUM SYNDICATE 1221); PEMBROKE SYNDICATE 4000; SJC 2003/CATLIN; BRIT INSURANCE, SYNDICATE 2987; CHAUCER MARINE, SYNDICATE 1084; BERKSHIRE HATHAWAY INTERNATIONAL INSURANCE; ARCH INSURANCE COMPANY AND LANDMARK AMERICAN INSURANCE COMPANY, | Case No. 3:13-cv-1054<br><br>JUDGE TRAUGER<br><br>MAGISTRATE JUDGE KNOWLES |

                Plaintiffs,

v.

LION OIL COMPANY,

                Defendant.

## PLAINTIFFS' MOTION TO ENJOIN LION OIL FROM PURSUING ITS LATER-FILED DUPLICATIVE ACTION IN ARKANSAS

### I. INTRODUCTION

    Plaintiffs[1] move to enjoin Defendant Lion Oil Company ("Defendant") from

---

[1] Plaintiffs are: Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pennsylvania; Great Lakes Reinsurance (UK) PLC; ACE American Insurance Company; XL Insurance America, Inc.; Ironshore Specialty Insurance Company; Talbot Syndicate 1183; Torus Specialty Insurance Company; Navigators Syndicate (f/k/a/ Millennium Syndicate 1221); Pembroke Syndicate 4000; SJC 2003/Catlin; Brit Insurance, Syndicate 2987; Chaucer Marine, Syndicate 1084; Berkshire Hathaway International Insurance Limited; Arch Insurance Company and Landmark American Insurance Company ("Plaintiffs").

pursuing an action in the United States District Court for the Western District of Arkansas (the "Later-Filed Arkansas Action") that Lion Oil filed after Plaintiffs filed this action (the "Tennessee Action") addressing the same core issues.

Plaintiffs filed their Complaint for Declaratory Relief in this Court on September 27, 2013 and a summons was issued on the same date. Eleven days later, on October 8, 2013, Defendant filed the Later-Filed Arkansas Action in the Western District of Arkansas. Plaintiffs' request the Court follow the "first to file rule" and enjoin the Arkansas action for three reasons. First, the Later-Filed Arkansas Action implicates the same issues as the Tennessee Action and the parties to the two cases are *identical*. Second, Lion Oil agrees venue is proper in this District and this District is convenient for Lion Oil and its witnesses as its headquarters is less than 20 miles from this very courthouse. Third, Lion Oil cannot meet its burden to show that compelling circumstances require the Court to disregard the first-to-file rule.

For these reasons, Plaintiffs request that the Court issue an Order enjoining Lion Oil from pursuing the Later-Filed Arkansas Action in the U.S. District Court for the Western District of Arkansas.

## II.    FACTUAL BACKGROUND

Plaintiffs are underwriters and insurers (the "Insurers") that provided insurance to Lion Oil and entered into contracts of insurance designated by various policy numbers in effect from May 1, 2011 to May 1, 2012 (the "Policies"). Lion Oil is an Arkansas corporation with its headquarters in Nashville, Tennessee. The Policies have varying terms, conditions, deductibles, and sublimits, but the relevant wording of the exclusions and coverages are identical. Two policies contain a choice of law provision specifying that Arkansas law governs the construction of the contract. The other policies do not have any choice of law designation.

On April 28, 2012, a section of an oil pipeline near Torbert, Louisiana ruptured due to an undetected weld defect present from the time of fabrication. The pipeline

transports crude oil from the Gulf of Mexico to refineries in Louisiana, Texas, and Arkansas. The rupture interrupted the flow of oil to an oil refinery located in El Dorado, Arkansas owned by Lion Oil (the "Refinery").

Lion Oil submitted a contingent time business interruption claim under the Policies for $44,100,711 and an extra expense claim for $36,402,789 for its losses (the "Claim"). The Insurers denied the claim based on the plain language of the Policies.

## III. PROCEDURAL BACKGROUND

The Insurers filed this case against Lion Oil on September 27, 2013 in the United States District Court for the Middle District of Tennessee requesting a declaration from the Court. (Docket No. 1, Complaint.) Plaintiffs' First Amended Complaint ("FAC") requests that the Court declare "that there is no coverage for Lion Oil's claimed contingent time element losses under property insurance policies issued by the Insurers." (Docket No. 16, FAC, ¶ 1.)

The Policies explicitly state:

> Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of the Underwriters' rights to remove an action to the United States Federal District Court or to seek remand therefrom or to seek a transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

(Policies, § 47(A)).

Of the 14 Insurers in this case (all of which are Defendants in the Later-Filed Arkansas Action), none of them are incorporated in Arkansas or have their principal place of business there. Several of the Insurers have their principal place of business in another country. Lion Oil, however, has its corporate headquarters and principal place of business in Nashville, Tennessee. (Later-Filed Complaint, ¶ 2.) Accordingly, the

Middle District of Tennessee is a proper and convenient forum for resolving the parties' dispute.

On October 8, 2013, 11 days after the Insurers filed this action, Lion Oil filed the Later-Filed Arkansas Action in the United States District Court for the Western District of Arkansas for declaratory relief and breach of contract under the same Policies. The Later-Filed Arkansas Action asks the Arkansas Court to declare Lion Oil's "entitlement to coverage under the policies." (Doc. No. 13; Lion Oil's Request for Judicial Notice; Later-Filed Complaint, ¶ 1.) The Later-Filed Arkansas Action also alleges that the Insurers "breached their contractual obligations to [Defendant] under the Policy." (*Id.*, ¶ 88.)

The Later-Filed Arkansas Action is venued in the El Dorado Division for the Western District of Arkansas, the same small town where Lion Oil employs over 500 people to work at the Refinery. The closest international airport to the Western District of Arkansas is Memphis International Airport, which is more than a four-hour-drive from El Dorado, Arkansas.

Insurers intend to file a Motion for Stay in the Later-Filed Arkansas Action, requesting the Court stay the Later-Filed Arkansas Action pending the resolution of this Motion.

## IV. THE COURT SHOULD ENJOIN DEFENDANT FROM PURSUING THE LATER-FILED ARKANSAS ACTION PURSUANT TO THE FIRST-TO-FILE RULE

The first-to-file rule "is a well-established doctrine that encourages comity among federal courts of equal rank." *Gibson Guitar Corp. v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 60811, 16-17 (M.D. Tenn. Aug. 8, 2008). Under the rule, "[w]hen actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437

(6th Cir. 2001). The parties do not need to be identical in both cases, it is sufficient if the parties and issues substantially overlap. *Gibson Guitar Corp. v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 60811, 17-18 (M.D. Tenn. Aug. 8, 2008) (granting motion to stay pending USPTO examination). As further explained by the United States Supreme Court:

> When the two suits have substantially the same purpose and the jurisdiction of the courts is concurrent, that one whose jurisdiction and process are first invoked by the filing is treated as authorized to proceed with the cause. The confusion and uncertainty are thus avoided which might otherwise result from the attempt to determine priority of service of process in the two suits.

*Barber-Greene Co. v. Blaw-Knox Co.,* 239 F.2d 774, 778 (6th Cir. 1957) *quoting Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 196 (U.S. 1935).

The parties to the Tennessee Action and the Later-Filed Arkansas Action are identical. (Doc. No. 13, Ex, 1, Later-Filed Arkansas Complaint, Ex. B; Docket No. 16, FAC, Ex. A.) The insurance policies at issue are identical. (*Id.*) The substantive issue for resolution is identical. As set forth in the Tennessee Action, Plaintiffs' seek a declaration: "that there is no coverage for Defendant's claimed contingent time element losses under property insurance policies issued by the Insurers." (Docket No. 16, FAC, ¶ 1.) The Later-Filed Arkansas Action similarly seeks a declaration of Lion Oil's "entitlement to coverage under the policies." (Docket No. 13, Ex, 1, Later-Filed Arkansas Complaint, ¶ 1.) Both complaints also involve the same policy exclusions. (Docket No. 13, Ex, 1, Later-Filed Arkansas Complaint, ¶¶ 56-63; Docket No. 16, FAC, ¶¶ 36-31.) The alleged breach of contract that forms the basis of the Later-Filed Arkansas Action is the insurers' denial of coverage, the same issue that is involved in both actions.

Under, the first-to-file rule, when faced with a duplicative suit, "the federal court may exercise its discretion to…enjoin the parties from proceeding in the other suit."

*Brook v. Sterling Testing Sys.*, 2013 U.S. Dist. LEXIS 70477, 4-5 (M.D. Tenn. May 16, 2013). Plaintiffs respectfully request that this Court exercise its discretion to enjoin the Later-Filed Arkansas Action as it is duplicative of the Tennessee Action.

## V.  NO EXCEPTION TO THE FIRST-TO-FILE RULE APPLIES

Courts require that the party objecting to the jurisdiction in the first-filed forum carry the burden of proving compelling circumstances to warrant an exception to the first-to-file rule. *MCS Music Am., Inc. v. Napster, Inc.*, 2007 U.S. Dist. LEXIS 16724, 6-7 (M.D. Tenn. Mar. 6, 2007) (holding that Plaintiffs had not carried their burden to show special circumstances which would justify an exception to the first-to-file rule).  The burden is a heavy one and the factors that weigh against enforcement of the first-to-file rule include "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits and forum shopping."  *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001).  None of these factors exist here.

There are no extraordinary circumstances that warrant disregarding the first-to-file rule.  This case is a standard declaratory relief action requesting court interpretation of a contract.  Lion Oil cannot show anything out of the ordinary justifying an exception to the first-to-file rule based on any extraordinary circumstances.

There is also no inequitable conduct or bad faith on the part of the Insurers in filing the Tennessee Action that warrants an exception to the first-to-file rule.  Courts only find inequitable conduct or bad faith in cases of extreme procedural gamesmanship, such as where one party convinces another to delay filing its claims so that the first party can file its claims first.  *See MCS Music Am., Inc. v. Napster, Inc.*, 2007 U.S. Dist. LEXIS 16724, 6-7 (M.D. Tenn. Mar. 6, 2007).  No such conduct occurred here.

Finally, it appears to be Lion Oil that is forum shopping.  The Policies entitle the Insurers to file suit "in any court of competent jurisdiction in the United States of America."  (Policies, § 47(A).)  The Insurers choose to file suit in the district where Lion Oil's principal place of business is located.  Lion Oil, however, subsequently filed the

Later-Filed Action in the town of El Dorado in the Western District of Arkansas, where Lion Oil employs over 500 people at the Refinery. The filing in Arkansas on its face suggests an attempt by Lion Oil to get the case before the home town jury pool.

## VI. THIS DISTRICT IS A MORE APPROPRIATE AND CONVENIENT FORUM THAN THE WESTERN DISTRICT OF ARKANSAS

This District is a more appropriate and convenient forum than the Western District of Arkansas. As set forth above, Lion Oil principal place of business is in this District and the key witnesses in Lion Oil's employ reside here. Moreover, none of the Insurers are headquartered in Arkansas and over half have their principal place of business in other countries. This District has an international airport within its boundaries, while the nearest international airport to the Western District of Arkansas is more than a four-hour-drive away. Accordingly, this District is a more appropriate and convenient forum than the Western District of Arkansas.

## VII. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant this Motion and enjoin Defendant from prosecuting the Later-Filed Arkansas Action in the U.S. District Court for the Western District of Arkansas.

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ William A. Webster
William A. Webster, (Admitted *Pro Hac Vice*)
WAWebster@rkmc.com
Amy M. Churan, (Admitted *Pro Hac Vice*)
AMChuran@rkmc.com
Glenanne B. Kennedy, (Admitted *Pro Hac Vice*)
GBKennedy@rkmc.com
2049 Century Park East, 34th Floor
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

- and -

LEWIS, KING, KRIEG & WALDROP, P.C.

John R. Tarpley, BPR No. 9661
jtarpley@lewisking.com
Bradford D. Telfeyan, BPR No. 24744
btelfeyan@lewisking.com
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615
Telephone: (615) 259-1366
Facsimile: (615) 259-1390

Attorneys for Plaintiffs, Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pennsylvania; Great Lakes Reinsurance (UK) PLC; ACE American Insurance Company; XL Insurance America, Inc.; Ironshore Specialty Insurance Company; Talbot Syndicate 1183; Torus Specialty Insurance Company; Navigators Syndicate 1221 (f/k/a Millennium Syndicate 1221); Pembroke Syndicate 4000; SJC 2003/Catlin; Brit Insurance, Syndicate 2987; Chaucer Marine, Syndicate 1084; Berkshire Hathaway International Insurance; Arch Insurance Company; and Landmark American Insurance Company;

# CERTIFICATE OF SERVICE

I, WILLIAM A. WEBSTER, hereby certify that on this 25th day of October 2013, a copy of the foregoing **PLAINTIFFS' MOTION TO ENJOIN LION OIL FROM PURSUING ITS LATER-FILED DUPLICATIVE ACTION IN ARKANSAS** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following counsel of record:

>**Geoffrey J. Greeves**
>**Vernon C. Thompson, Jr.**
>**Vincent E. Morgan**
>**Peter M. Gillon**
>Pillsbury, Winthrop, Shaw & Pittman, LLP
>2300 N Street, NW
>Washington, DC 20037-1122
>E-mail: geoffrey.greeves@pillsburylaw.com
>vernon.thompson@pillsburylaw.com
>vince.morgan@pillsburylaw.com
>peter.gillon@pillsburylaw.com
>
>**Harold Frederick Humbracht, Jr.**
>Bradley Arant Boult Cummings LLP (Nashville)
>1600 Division Street, Suite 700
>Nashville, TN 37203-0025
>E-mail: rhumbracht@babc.com

Dated: October 25, 2013                               /s/ William A. Webster
                                                                         WILLIAM A. WEBSTER

60712655.4                                                    - 9 -
Case 3:13-cv-01054   Document 26   Filed 10/25/13   Page 9 of 9 PageID #: 332